# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LUIGINO'S INTERNATIONAL, INC.,

               **Plaintiff,**

-vs-                                                  **Case No.  6:07-cv-769-Orl-31KRS**

MILLER INTERNATIONAL FOODS,
INC., and JAMIR MILLER,

               **Defendants.**

_____

## ORDER

      This matter comes before the Court on Defendants' Motion to Dismiss (Doc. 11) and

Supporting Memorandum of Law (Doc. 12), and Plaintiff's Response thereto (Doc. 22).[1]

Defendants move for dismissal under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

      An assessment of personal jurisdiction requires a two-part analysis. *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). In order to determine whether this Court has personal jurisdiction over non-resident defendants, the Court must first determine whether there is a basis for jurisdiction under Florida's long-arm statute, Fla. Stat. § 48.193. *See* Fed. R. Civ.P.4(e)(1), (h), and (k); *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626-27 (11th Cir. 1996). If the Court finds that personal jurisdiction exists under Florida's long-arm statute, the Court must then consider whether the defendant's contacts with the

---

[1]Plaintiff was ordered by this Court to file its response to the Motion to Dismiss one week early, in an effort to resolve the issue prior to a scheduled hearing on Plaintiff's Motion for Preliminary Injunction. (Doc. 14). The parties resolved the injunction issues prior to the hearing date and entered a stipulation to that effect with this Court. (Doc. 21). Thereafter, Plaintiff sought to supplement its response to the Motion to Dismiss and filed a Motion for Expedited Discovery on the issues of personal jurisdiction and venue (Doc. 29) which was opposed by Defendants (Doc. 30) and denied by this Court on May 30, 2007 (Doc. 31). In that motion, Plaintiff made additional arguments regarding the issue of personal jurisdiction, and Defendants responded to those arguments. Therefore, the Court has considered the substance of Docs. 29 and 30 in resolving the issue of personal jurisdiction.

state of Florida are sufficient to satisfy the due process clause of the Fourteenth
Amendment such that maintenance of the suit in Florida does not offend traditional notions
of fair play and substantial justice. *See International Shoe Co. v. Washington*, 326 U.S.
310, 315-17, 90 L. Ed. 95, 66 S. Ct. 154 (1945); *Cable/Home Communication Corp. v.
Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir. 1990); *Venetian Salami Co.*, 554
So. 2d at 502 (Fla. 1989). If both prongs of the jurisdictional test are satisfied – Florida's
long-arm statute and the due process analysis – then the Court may exercise personal
jurisdiction over the nonresident defendant. *Madara v. Hall*, 916 F.2d 1510, 1516 (11th
Cir. 1990).

*Nida Corp. v. Nida*, 118 F. Supp. 2d 1223, 1226 (M.D. Fla. 2000).

Establishing personal jurisdiction involves a burden shifting process:

"First, the plaintiff must allege sufficient facts in his complaint to initially support long arm
jurisdiction before the burden shifts to the defendant to make a prima facie showing of the
inapplicability of the statute. If the defendant sustains this burden, the plaintiff is required
to substantiate the jurisdictional allegations in the complaint by affidavits or other
competent proof, and not merely reiterate the factual allegations in the complaint." *Polskie
Linie Oceaniczne v. Seasafe Transport*, 795 F.2d 968 (11th Cir. 1986) (citing *Electro
Engineering Products Co., Inc. v. Lewis*, 352 So. 2d 862 (Fla 1977)).

*Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 583 (M.D. Fla. 1991).

## I. Defendant Jamir Miller

Defendant Jamir Miller ("Miller") argues that this Court does not have personal

jurisdiction over him because he is protected by the corporate shield doctrine. "The Florida

Supreme Court has held that the acts of a corporate employee performed in a corporate capacity do

not form a sufficient basis for jurisdiction over the corporate employee in his individual capacity."

*D.W. Mercer, Inc. v. Valley Fresh Produce, Inc.*, 146 F. Supp. 2d 1274, 1278 (M.D. Fla. 2001)

(citing *Doe v. Thompson*, 620 So. 2d 1004 (Fla. 1993)). Plaintiff does not respond to this argument

and makes no allegations that would support personal jurisdiction over Miller in his individual

capacity. Instead, all of the allegations in Plaintiff's Complaint clearly indicate that, at all times

relevant to this action, Miller was acting on behalf of Miller Foods International, Inc. ("Miller

Foods") in his position as CEO. Therefore, this Court lacks personal jurisdiction over Miller and he will be dismissed from this case.

## II. Defendant Miller International Foods, Inc.

Plaintiff argues, first, that Miller Foods is subject to personal jurisdiction under Fla. Stat. § 48.193(1)(b), which allows for personal jurisdiction over parties that have committed tortious acts in this State. "A tort claim is deemed to have accrued where the last event necessary to make the defendant liable for the tort took place." *Merkin v. PCA Health Plans of Florida, Inc.,* 855 So.2d 137, 140 (Fla. 3d DCA 2003). "[C]ommitting a tortious act within Florida under section 48.193(1)(b) can occur by making telephonic, electronic, or written communications into this State, provided that the tort alleged arises from such communications." *Wendt v. Horowitz*, 822 So. 2d 1252, 1253 (Fla. 2002)(internal quotation marks omitted).

In this case, Plaintiff alleges that Miller Foods committed tortious acts in this State by sending faxes to Florida which contained materially fraudulent information. "[W]here the threshold question of personal jurisdiction turns on whether a tort is committed in Florida, the court necessarily must review the allegations of the complaint to determine if a cause of action is stated." *Wendt*, 822 So. 2d at 1260. Therefore, this Court must first address the merits of Plaintiff's Complaint to determine whether a valid cause of action for tortious conduct has been alleged.

Plaintiff's Complaint alleges three counts for specific performance of a contract, breach of contract and fraudulent misrepresentation. Count III is the only count of Plaintiff's Complaint that attempts to allege a cause of action sounding in tort. However, this claim is barred by Florida's economic loss rule, which states that "[u]nder Florida law, no cause of action [in tort] exists concurrent with a breach of contract claim unless there is damage due to [the alleged tortious

conduct] that is separate from damages resulting from any subsequent contractual breach."

*Argonaut Dev. Group, Inc. v. SWH Funding Corp.*, 150 F. Supp. 2d 1357, 1363 (S.D. Fla. 2001).

There is an exception to the economic loss rule created by the Florida Supreme Court in

*HTP, Ltd. v. Lineas Aerea Costarricences,* 685 So.2d 1238 (Fla. 1996), which permits some

actions for fraudulent inducement and negligent misrepresentation to be maintained, along with

claims of breach of contract, despite the economic loss rule, when "the actions that comprised the

tort (i.e., the negligent or fraudulent misrepresentations) were separable or distinct from the

subsequent contractual relationship. On the other hand, when the actions complained of relate

directly to the subject matter of the parties' agreement, or are interwoven with the agreement, no

independent tort exists and the economic loss rule applies." *Premix-Marbletite Mfg. Corp. v. SKW*

*Chems., Inc.*, 145 F. Supp. 2d 1348, 1358 (S.D. Fla. 2001). In this case, all of the alleged

misrepresentations relate to Miller Foods' intentions to honor the contract is the subject of the

breach alleged in Count II. Therefore, Count III is barred by Florida's economic loss rule and

Plaintiff has failed to establish that Miller Foods committed any tortious acts, in this State or

elsewhere.

Plaintiff next argues that Miller Foods is subject to personal jurisdiction under Fla. Stat.

§ 48.193(f)(1) because it "committed a tort outside the state of Florida, but injured Luigino's

inside of Florida, provided that [Miller Foods] solicited business in Florida." (Doc. 22 at 15). As

discussed above, Plaintiff has failed to allege a cause of action for tortious conduct, therefore this

argument must fail as well. Furthermore, "[t]he Florida Supreme Court decided that a purely

economic injury of the sort alleged in this case is insufficient to confer jurisdiction over a

defendant under s. 48.193(1)(f)." *Prentice*, 779 F. Supp. at 585.

Finally Plaintiff argues that Miller Foods is subject to personal jurisdiction under Fla. Stat. § 48.193(2) because Miller Foods has solicited business in Florida. (Doc. 29 at 4). Section 48.193(2) states that:

> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Plaintiff alleges that Miller Foods has sold its products in Florida, particularly to a Florida corporation know as Cheney Brothers. Plaintiff argues that even though Defendants only sold products to a single Florida corporation, they must have made many attempts to solicit business in Florida, and that such solicitations would establish "substantial and not isolated activity within this state" under Florida's long arm statute. Defendants have submitted an affidavit signed by Miller indicating that Miller Foods has made only 1 sale of 80 cases of frozen biscuits to Cheney Brothers, and that in connection with that sale, Cheney Brothers picked up the biscuits themselves from Lithonia, GA. (Doc. 12 at 18). Certainly this sale does not subject Miller Foods to personal jurisdiction under Fla. Stat. § 48.193(2) and Plaintiff has failed to refute this statement or establish any additional contacts by affidavit or other competent proof, as required under the burden shifting process described above.

**III. Conclusion**

Accordingly, it is

**ORDERED** that the Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 11) is

**GRANTED**. All pending motions are **DENIED** as moot. This case is **DISMISSED** and the Clerk

is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 30, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party